## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DEVABHAKTUNI MANOGNA, | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **No. 3:19-CV-2644-M-BH** |
| | ) | |
| A. JOE FISH, et al., | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge[1]** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Application to Proceed in Forma Pauperis,* filed November 6, 2019 (doc. 3).  Based on the relevant filings and applicable law, the application should be denied, and the case should be summarily **DISMISSED** without prejudice unless the plaintiff timely pays the filing fee.

### I.

In a rambling handwritten four-page complaint, Devabhaktuni Manogna a/k/a Manogna Devabhaktuni (Plaintiff) appears to allege that she was abducted by a nurse, she has received unnecessary treatment, members of a church are trying to get her back into that church, people have entered her apartment, a social worker conference video was done on her, she was cheated and robbed, she is the victim of medical malpractice, and she won a case in Denton federal court regarding that malpractice.  (*See* doc. 3.)  She says that she is being taken to a hospital against her will, this case should not be closed be relates to little kids losing their mom, and she selected A. Joe Fish as a defendant in this case because he kept illegally closing her cases. (*See id.*)  She seeks leave to proceed *in forma pauperis* (IFP).  (*See* doc. 3.)  No process has been issued.

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

## II.

After filing more than eight lawsuits in this district within the last three months, Plaintiff was sanctioned for filing frivolous lawsuits and barred from proceeding IFP in this district:

> Plaintiff is hereby **SANCTIONED** and **BARRED** from proceeding in *forma pauperis* in any civil action in this court - whether she files the action in this court, she files it in another court and it is removed to this court, or she files in another federal court and it is transferred to this court.

*See Manogna Devabhaktuni v. Honorable David C. Godbey,* No. 3:19-CV-2216-G (BT) (N.D. Tex. Oct. 28, 2019), doc. 6 at 1.  She has now filed more than 20 lawsuits in four months.  Courts observe and enforce their own sanctions orders.  *Sabedra v. Meadows*, No. 3:05-CV-1304-L, 2006 WL 1499985, at *1 (N.D. Tex. May 5, 2006) (recommendation of Mag. J.), *accepted by* 2006 WL 1571669 (N.D. Tex. May 31, 2006).  Based on the sanctions order in Cause No. 3:19-CV-2216-G, Plaintiff may not proceed IFP and must pay the filing fee before she may proceed with this case.

## III.

Because Plaintiff is subject to the sanctions order in Cause No. 3:19-CV-2216-G, her application to proceed *in forma pauperis* in this case should be **DENIED**, and her claims should be summarily **DISMISSED** without prejudice unless she pays the full filing fee[2] prior to acceptance of this recommendation, or before a deadline otherwise established by the Court.

**SO RECOMMENDED this 12th day of November, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3